UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PRODUCTION INDUSTRIAL TECH TEXTILE
& PROF. EMP. UNION LOCAL 124
WELFARE FUND, by its Trustees JAMES
BERNARDONE and GINO DEVINO,

     Plaintiff,

  -against-

GALAXY TOWERS CONDOMINIUM
ASSOCIATION,

     Defendant.
-----------------------------------------------------------------x

JUDGE SEIBEL

10 CIV 3103

**COMPLAINT**

2010 Civ.

Plaintiffs, PRODUCTION INDUSTRIAL TECH TEXTILE & PROF. EMP. UNION LOCAL 124 WELFARE FUND (hereinafter "Welfare Fund"), by its Trustees JAMES BERNARDONE and GINO DEVINO, by their attorneys, STEVEN C. KASARDA, P.C., complaining of the defendant, GALAXY TOWERS CONDOMINIUM ASSOCIATION (hereinafter "Galaxy"), allege the following:

<u>NATURE OF ACTION</u>

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and the Labor Management Relations Action of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to make benefit fund contributions to the Welfare Fund on behalf of its employees in accordance with the applicable law, trust agreement and the collective bargaining agreement.

## JURISDICTION

2. Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502(e)(2) and 502(f) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (e)(2) and (f).

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the Plan is administered in the Southern District.

## PARTIES

4. At all times relevant herein the Welfare Fund was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), (3) and 502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). James Bernardone and Gino Devino are Trustees of the Welfare Fund.

5. At all times relevant herein, the Welfare Fund has its principal place of business at 1401 Blondell Avenue, Bronx, New York 10461.

6. Upon information and belief, defendant Galaxy, is a non-profit corporation incorporated in the State of New Jersey with offices located at 7000 Boulevard East, Guttenberg, New Jersey 07093.

7. Upon information and belief, at all relevant times herein, Defendant Galaxy was an employer in an industry affecting commerce within the meaning of ERISA, Sections (3)(5), (11), (12), 29 U.S.C. Sections 1002(5)(11) and (12).

## AS AND FOR A FIRST CLAIM FOR RELIEF

8. Upon information and belief, at all relevant times herein, there was in force and effect a collective bargaining agreement, including extensions thereof, by and between Defendant Galaxy and Local 124, IUJAT ("Local 124").

9. At all relevant times herein there were in force and effect a Declaration of Trust of the Local 124 Trust Fund and Delinquent Contribution Collection Policy, among other documents, with which Defendant Galaxy was required to comply by virtue of its collective bargaining agreement with Local 124.

10. Said collective bargaining agreements and extensions thereof require Defendant Galaxy to make timely monthly contributions of to the Welfare Fund for each employee covered thereby.

11. In or about January 2010, auditors acting on behalf of the Welfare Fund published their audit report of defendant's remittances to the Fund for the period May 1, 2006 to September 30, 2009.

12. Said auditors determined that Defendant Galaxy was delinquent in its contributions to the Welfare Fund in the total principal sum of $129,688.00.

13. Despite due demand therefore, Defendant Galaxy has failed to make required contributions to the Welfare Fund as determined by audit.

14. Plaintiff is without an adequate remedy at law and will suffer immediate continuing and irreparable injury unless Defendant Galaxy is ordered to specifically perform all it's required obligations, and are restrained from continuing to refuse to so perform.

15.     Defendant Galaxy's refusal and failure to pay is a violation of the collective bargaining agreement and the Agreement of Declaration of Trust and of ERISA §515, 29 U.S.C. § 1145. Plaintiffs seek enforcement of these provisions pursuant to §502(a)(3)(B)(11) of ERISA 29 U.S.C. §1132(a)(3)(B)(ii) and LMRA, §301(a), 29 U.S.C., §185(a). Consequently, plaintiffs are entitled to judgment for past due contributions, reasonable attorney's fees, interest, liquidated damages, costs and expenses of this action as provided for by applicable provisions of the Fund documents and under §502(g) of ERISA, 29 U.S.C. § 1132(g).

### AS AND FOR A SECOND CLAIM FOR RELIEF

16.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 of this Complaint, as if more fully set forth at length herein.

17.     Defendant Galaxy has ignored the Welfare Fund's continuing demands for payment of all contributions due and owing.

18.     During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant Galaxy fails to pay the contributions and/or delinquency charges, Welfare Fund asks the Court to include as part of this action at the time of trial or judgment, whichever is later, any such additional amounts.

19.     Defendant Galaxy's continuing failure to pay contribution and/or delinquency charges owed to the Welfare Fund constitutes a violation of 29 U.S.C. §1000, et seq., and the Collective Bargaining Agreement and Declaration of Trust, as amended.

### AS AND FOR A THIRD CLAIM FOR RELIEF

20. Plaintiffs repeat and reallege each and every allegation of paragraph 1 through 19 of this Complaint, as if more fully set forth as length herein.

21. The financial integrity of the Welfare Fund and the allocation of proper eligibility and credits to the members are actuarially determined and are based upon the prompt and accurate contributions from employers.

22. The failure of Defendant Galaxy to promptly report and pay and to allow audits and examinations to verify amounts due and paid is and will continue to cause irreparable damage to Plaintiff Welfare Fund and the beneficiaries thereof.

23. By reason of the foregoing, Welfare Fund is entitled to a permanent injunction enjoining Defendant Galaxy from any further or future violations of this or subsequent Collective Bargaining Agreements with Local 124, as such agreements apply to the obligations of Defendant Galaxy to Welfare Fund herein.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

1. awarding judgment in the principal amount of $129,688.00;

2. granting plaintiff reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages, calculated twice the prime rate of interest, per annum, as provided for and required pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g);

3. awarding judgment in the amount of any additional contributions, interest and/or delinquency charges which may become due and owing during the course of the instant action;

4. a permanent injunction enjoining Defendant Galaxy, their officers, directors, agents and representatives from violating the terms of this or successive collective bargaining agreements as they relate to the Welfare Fund herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion and allowing the Welfare Fund to audit the books and records of Galaxy; and

5. granting plaintiff such other and further relief as this Court deems just and proper.

Dated:   White Plains, New York
         April 11, 2010

                                    Yours, etc.,
                                    STEVEN C. KASARDA, P.C.

                        By:         _____
                                    STEVEN C. KASARDA (SK 5182)
                                    Attorneys for Plaintiffs
                                    445 Hamilton Avenue, Suite 1102
                                    White Plains, New York 10601
                                    (914) 358-4302
                                    (914) 829-9010 Fax