UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRODUCTION INDUSTRIAL TECH
TEXTILE & PROF. EMP. UNION LOCAL 124
WELFARE FUND, by its Trustees JAMES
BERNARDONE and GINO DEVINO,

        Plaintiff,

-against-

GALAXY TOWERS CONDOMINIUM
ASSOCIATION,

        Defendant.

---

CIVIL ACTION NO. 10-cv-3103 (CS)(LMS)

**ANSWER and AFFIRMATIVE DEFENSES**

Defendant Galaxy Towers Condominium Association, by way of answer to the Complaint of plaintiffs, alleges as follows:

## NATURE OF ACTION

1. Defendant Galaxy Towers Condominium Association (hereinafter, "GTCA") lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint regarding the nature of the action sought to be brought by plaintiff.

## JURISDICTION

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

## VENUE

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint except to note that Local 124 has taken the position that the collective bargaining agreement between GTCA and Local 124, and the extensions thereof, lack force and effect and that GTCA and Local 124 are presently engaged in arbitration related to said position.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Defendant neither admits nor denies the allegations contained in paragraph 10 of the Complaint but relies upon the language contained in the collective bargaining agreement and extensions thereof and the findings resulting from the aforesaid arbitration as to the requirements imposed thereby.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF

16. Defendant repeats and realleges its response to each and every allegation contained in paragraphs 1 through 15 of the Complaint as if more fully set forth at length herein.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

## AS AND FOR A THIRD CLAIM FOR RELIEF

20. Defendant repeats and realleges its response to each and every allegation contained in paragraphs 1 through 19 of the Complaint as if more fully set forth at length herein.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

WHEREFORE, defendant demands judgment dismissing the Complaint in its entirety with prejudice and awarding defendant costs of suit, attorneys fees and such other and further relief as the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

FIRST:   The Complaint fails to state a claim upon which relief can be granted.

SECOND:  The relief sought by the Complaint is barred by application of the doctrine of unclean hands.

THIRD:   Plaintiff is collaterally estopped from recovery for the claims raised by the

|  |  |
|---|---|
| | Complaint. |
| FOURTH: | Plaintiff is equitably estopped from recovery for the claims raised by the Complaint. |
| FIFTH: | Plaintiff would be unjustly enriched by recovery for the claims raised by the Complaint. |
| SIXTH: | The relief sought by the Complaint is barred by application of the doctrine of payment. |
| SEVENTH: | The relief sought by the Complaint is barred by application of the doctrine of res judicata. |
| EIGHTH: | The relief sought by the Complaint is barred by plaintiff's failure to exhaust administrative and/or contractual remedies. |
| NINTH: | The claims made by the Complaint are frivolous and/or made for an improper purpose and thus violate Fed. R. Civ. Proc. 11. |
| TENTH: | The relief sought by the Complaint is barred by application of the doctrine of accord of satisfaction. |
| DATED: | Cliffside Park, New Jersey<br>May 17, 2010 |

DIKTAS SCHANDLER GILLEN MOREJON, PC
Attorneys for Defendant

BY: /s/ Christine Gillen, Esq.
CHRISTINE GILLEN, ESQ. (cg1120)
596 Anderson Avenue, Suite 301
PO Box 2199
Cliffside Park, New Jersey 07010
(201) 943-8020
(201) 943-8838 FAX
cgillen@weblawnj.net